Filed: 2/6/2020 3:16 PM
Lynne Finley
District Clerk
Collin County, Texas
By Alexis Scherff Deputy
Envelope ID: 42061609

## NO. <u>471-01423-2020</u>

| | | |
|---|---|---|
| **JESSE STATEN AND CYNTHIA STATEN** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **471TH JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | **OF COLLIN COUNTY, TEXAS** |

## <u>PLAINTIFFS' FIRST AMENDED PETITION</u>

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME** Jesse Staten and Cynthia Staten, hereinafter Plaintiffs, complaining of and about State Farm Lloyds, hereinafter Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, Jesse Staten, is an Individual whose address is 4337 County Road 463, Princeton, Texas 75407. The last three numbers of Jesse Staten's driver's license number are 464. The last three numbers of Jesse Staten's social security number are 088.

3.      Plaintiff, Cynthia Staten, is an Individual whose address is 4337 County Road 463, Princeton, Texas 75407. The last three numbers of Cynthia Staten's driver's license number are 605.

4.      Defendant State Farm Lloyds is an insurance company engaged in the business of writing insurance under the Lloyd's plan organized under the Texas Insurance Code and service of process on the Defendant may be effected by serving the attorney of records, Armando De Diego

*Plaintiffs' First Amended Petition*                                                          Page **1** of **5**

of the Law Office of Armando De Diego, P.C., via email at adediego@dediego.com.

## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      Plaintiffs seek:

a.      monetary relief over $200,000 but not more than $1,000,000.

7.      This court has jurisdiction over the parties because Defendant is Texas company engaged in business in Texas by contracting with a Texas resident. The contract was to be performed in whole or in part in Texas by both parties.

8.      Venue in Collin County is permissive in this cause under Section 15.035(a) of the Texas Civil Practice and Remedies Code because this lawsuit involves a written contract that expressly names said county for performance.

## FACTUAL ALLEGATIONS

9.      On June 4, 2018, Jesse Staten and Cynthia Staten, "Plaintiffs", entered into a written contract with State Farm Lloyds, Inc., "Defendant", to provide a homeowner's insurance policy through State Farm ("the Policy"). A copy of the Policy is attached as "**Exhibit 1**" and incorporated by reference.

10.     Per the Policy, Defendant was to provide certain coverage for dwelling and personal property damage.

11.     On March 7, 2018, Plaintiffs sustained water damage to their dwelling and personal property due to broken water heaters which flooded the first floor of the dwelling. Plaintiffs immediately contacted Defendant and were told by a representative that it was sending a water mitigation company out to the house within two hours to remove all of the furniture from the house and begin mitigation services.

12.     Within the stated time frame, a technician with the company "Dry Force" arrived at Plaintiffs' residence. The technician claimed that Defendant had sent him to do the mitigation services and had a pre-drafted contract with all of Plaintiffs' contact information, including the claim number assigned to Plaintiffs by Defendant. In reliance on the representations made to them by Dry Force and Defendant, Plaintiffs signed the contract for Dry Force's services. Dry Force was at the home from March 7, 2018 until March 10, 2018. At no time did Defendant contact Plaintiffs during this time.

13.     On March 11, 2018, Matt Andrew, the claim specialist assigned to Plaintiffs' claim, contacted Plaintiffs. It was at this time, after Dry Force had left the home, that Matt Andrew revealed that Defendant had no contractual relationship with Dry Force, and instead, the services were supposed to be provided by a company called Alacrity Renovation Services.

14.     According to Plaintiffs, the mitigation services performed by Dry Force were incorrect and incomplete.  Plaintiffs attempted to contact State Farm to remedy the damage, but State Farm has failed to take action in accordance to the policy terms.

## BREACH OF CONTRACT

15.     Plaintiffs incorporate by reference the allegations set forth above as if the same were fully set forth herein.

16.     Plaintiffs performed all conditions precedent to the performance of State Farm Lloyds, Inc. under the Contract.

17.     The contractual obligations of Jesse Staten and Cynthia Staten have been fully performed.

18.     Defendant has failed to perform its contractual obligations, specifically, failed to provide coverage according to the policy terms.

19.     Defendant's breach of contract described hereinabove has injured Plaintiffs, causing economic damages.

## DAMAGES

20.     Plaintiffs have sustained damages in excess of this Court's jurisdictional minimum, as a result of the actions and/or omissions of Defendant described hereinabove, including, but not limited to actual or economic damages.

## OTHER RELIEF REQUESTED

## ATTORNEY'S FEES

21.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code.

## ALTERNATIVE ALLEGATIONS

22.     Pursuant to Rules 47 and 48, Texas Rules of Civil Procedure and the rules of pleadings, allegations in this petition are made in the alternative.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Jesse Staten and Cynthia Staten, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

SCOTT, RAY & SULLIVAN, PLLC


By:   /s/ Caitlin M. Sullivan
       Daniel W. Ray
       Texas Bar No. 24046685
       Email:  Daniel@scottraylaw.com
       Caitlin M. Sullivan
       Texas Bar No. 24100485
       Email:  Caitlin@scottraylaw.com
       Post Office Box 1353
       2608 Stonewall Street
       Greenville, Texas 75403-1353
       Tel. (903) 454-0044
       Fax. (903) 454-1514
       Attorneys for Plaintiffs
       Jesse Staten and Cynthia Staten

## CERTIFICATE OF SERVICE

I certify that on April 1, 2020, a true and correct copy of Plaintiffs' First Amended Petition was served in accordance with the rules of Texas Civil Procedure as stated below.


       /s/ Caitlin M. Sullivan
       Caitlin M. Sullivan

**VIA EMAIL**
Armando De Diego
The Law Office of Armando De Diego, P.C.
1201 Griffin Street W
Dallas, Texas 75215-1030
(T) 214-426-1220
(F) 214-426-1246
adediego@dediego.com